UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-0298 (PLF) |
| | ) | |
| CHARLES IKE EMOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

While the post-plea evidentiary hearing with respect to the amount of loss, restitution and forfeiture is still not concluded despite eight days of testimony, the Court believes it would be useful for both the Court and the parties to have the Presentence Investigation Report available to them as soon as possible. While the Court has made no final decisions with respect to which items from Government Exhibit 204A should be considered in determining the amount of loss, restitution and forfeiture, it has preliminarily determined that the amount of loss will exceed $200,000. It has reached this conclusion by preliminarily excluding watches, cuff links and other jewelry costing less than $150, and certain other items that might in fact have been legitimate gifts, as well as items recommended for exclusion by Agent McNair in his testimony. Furthermore, since the Court is not yet ready on the incomplete record before it to make any decision with respect to the $2,130,493 transferred from Sunrise Academy to Core Ventures, it will disregard this amount for the time being only.[1]

---

[1] Based on these assumptions, and Government Exhibit 204A, the Court has done the following calculations:

| | | | |
|---|---|---|---|
| I. | PERSONAL EXPENDITURES BY DEFENDANT AS CALCULATED BY GOVERNMENT (INCLUDING TRANSFERS TO CORE) (Government Exhibit 204A) : | | $2,398,359.89 |
| II. | ITEMS BEING CONSIDERED FOR EXCLUSION | | |

### II. ITEMS BEING CONSIDERED FOR EXCLUSION

<u>Watches</u> (costing less than $150)

$2,424.26                                            $ 2,424.26

<u>Cuff Links</u> (costing less than $150)

$1,223.30                                            $ 1,223.30

<u>Other Jewelry</u> (costing less than $150)

$280.93                                              $  280.93

<u>Certain Miscellaneous Items</u>
(Goodies from Greece)

$686                                                 $  686

Items Recommended for Exclusion
by Agent McNair

| | | |
|---|---|---|
| Govt Exh 82 | - $2,500 | |
| Govt Exh 91 | - $3,190 | |
| Govt Exh 80 | - $2,561 | |
| Govt Exh 81 | - $1,075 | |
| Govt Exhs 86 & 87 | - $3,645 | |
| Govt Exh. 97 (V8 Titan) | - $20,000 | $32,971.00 |

                              Total:          $37,585.49

III.    TRANSFERS FROM SUNRISE ACADEMY
       TO CORE VENTURES                              $2,130,493.00

               TOTAL OF ITEMS NOT CURRENTLY
               BEING CONSIDERED BY THE COURT:                 <u>$2,168,078.49</u>

               REMAINING AMOUNT OF LOSS                        $ 230,281.40

Assuming, as the foregoing discussion does, that the amount of loss nevertheless will exceed $200,000, the Guideline calculations under Section 2B1.1 of the United States Sentencing Guidelines are as follows: The Base Offense Level is 7; 12 levels are added for the amount of loss; and 3 levels are deducted for acceptance of responsibility under Section 3E1.1, yielding an Offense Level of 16. According to the plea agreement, the government believes, based upon the information now available to it, that the defendant's Criminal History Category is III. With an Offense Level of 16, and a Criminal History Category III, the Sentencing Guideline range would be 27 to 33 months. The parties have agreed, however, pursuant to their Rule 11(c)(1)(C) plea agreement, that the appropriate Guideline sentencing range for Mr. Emor is 8 to 18 months. Thus, even the maximum sentence under the plea agreement would be significantly less than the Guidelines would provide in view of the Court's preliminary determination that the amount of loss exceeds $200,000. With this information now available to the Probation Office, it is hereby

ORDERED that the Probation Office shall provide a draft Presentence Investigation Report to counsel on or before October 27, 2011, and counsel shall submit objections on or before November 3, 2011; the final report shall be filed on or before November 4, 2011.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: October 21, 2011                                         United States District Judge