UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-0298 (PLF) |
| ) | |
| CHARLES IKE EMOR, ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is Mr. Emor's motion for leave to file under seal two exhibits to his post-hearing sentencing brief. See Docket No. 93 ("Mot."). Both exhibits are memoranda of interviews conducted by government officials as part of the investigation in this case.

Implicit within Mr. Emor's motion to file these two documents under seal is a request that the Court consider the documents as substantive evidence, despite the fact that they were not submitted during the evidentiary hearing held by this Court and were offered by Mr. Emor only after the parties had filed their post-hearing opening briefs and their proposed findings of fact and conclusions of law. The government objects on these grounds, emphasizing that Mr. Emor never sought to introduce the documents during the hearing or call as witnesses the two individuals whose interviews are described in the memoranda. See Docket No. 94 ("Opp."). Had Mr. Emor done so, "the government would have had the opportunity to call these individuals as witnesses, cross-exam the individuals if they were called, or call the law enforcement officers that conducted the interviews in rebuttal." Id. at 3.

As the government itself has acknowledged, see Docket No. 53 at 2 n.2, the Federal Rules of Evidence do not apply at a sentencing hearing.  The Court recently emphasized, at the government's own urging, that a sentencing court may consider hearsay and other out-of-court information to "'guide [its] judgment toward a more enlightened and just sentence.'" Memorandum Opinion and Order (Feb. 13, 2012) [Dkt. No. 89] at 4 (quoting United States v. Bras, 483 F.3d 103, 108 (D.C. Cir. 2007)).  Moreover, the government cannot profess to be taken by surprise by the evidence that Mr. Emor now submits.  One of the memoranda — recounting the interview of Mr. Karl Muhammad from the District of Columbia Public Schools — was quoted and discussed in Mr. Emor's pre-hearing brief, filed in September 2011.  See Docket No. 52 at 12-13.  The subject of the other interview, former SunRise Academy principal Ms. Gertrude Edwards, was frequently mentioned throughout the evidentiary hearing, and Mr. Emor cites the interview for a factual point not contested by the government.  See Docket No. 92 at 19.

Mr. Emor does not explain why he failed to introduce these exhibits before now, and it would have been preferable for him to have done so during the evidentiary hearing so that the government could call these individuals as witnesses or respond to the evidence through rebuttal testimony.  The Court will take these considerations into account in determining the proper amount of weight, if any, to give to the interview memoranda.

For the foregoing reasons, it is hereby

ORDERED that the motion for leave to file under seal [93] is GRANTED.

SO ORDERED.

DATE:  March 23, 2012

/s/_____
PAUL L. FRIEDMAN
United States District Judge